DICKINSON WRIGHT PLLC
Cindy A. Villanueva
Arizona Bar No. 028163
Email: CVillanueva@dickinsonwright.com
1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004-4568
Tel:   602-285-5000
Fax:   844-670-6009

John L. Krieger (*admitted pro hac vice*)
Nevada Bar No. 6023
Email:  JKrieger@dickinsonwright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada  89169-0965
Tel:    702-550-4400
Fax:    844-670-6009

*Attorneys for Plaintiff
Zuffa, LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Zuffa, LLC, a Nevada limited liability company,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br><ufcfightpass.net>,<br><br>　　　　　　　　　　Defendant. | CASE NO. 2:20-cv-02336-JJT<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

　　　　Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff, Zuffa, LLC d/b/a Ultimate Fighting Championship® or UFC® ("Zuffa" or "Plaintiff"), hereby moves the Court for entry of default on its claim under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), against the <ufcfightpass.net> domain name (the "Defendant Domain Name").

　　　　This motion is supported by the following memorandum of points and authorities, the papers and pleadings on file in this action, and any oral argument the Court may require.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **RELEVANT PROCEDURAL BACKGROUND**

Zuffa filed suit against the Defendant Domain Name alleging a single claim for cybersquatting under the ACPA. (ECF No. 1.) Zuffa, the owner of the famous and/or distinctive UFC® and UFC FIGHT PASS® marks alleged the registrant of the Defendant Domain Name registered the domain name with a bad faith intent to profit from Zuffa's valuable goodwill and reputation. (*Id.*) Zuffa moved this Court for an order allowing it to proceed *in rem* because the registrant utilized the WhoisGuard proxy service, shielding his identity and contact information.[1] (ECF No. 7.) Zuffa also requested to serve the Defendant Domain Name by email, postal mail, and publication. (*Id.*). The Court granted Zuffa's requests. (ECF No. 12; ECF No. 14 (amended).)

The Defendant Domain Name was linked to a "copycat" website, which sought to confuse and deceive consumers into providing personal information, including credit card information. (ECF No. 1, ¶¶ 19-24.) Given the irreparable harm to Zuffa's goodwill and reputation, and harm to unsuspecting consumers, Zuffa sought an *ex parte* temporary restraining order and preliminary injunction. (ECF No. 8.) The Court granted the temporary restraining order, and ordered the domain name registrar to unmask the identity of the registrant and to place the Defendant Domain Name on hold and lock. (ECF No. 11.)

Although Zuffa properly served the Complaint and motion for temporary restraining order and preliminary injunction, the Defendant Domain Name failed to appear or respond to either. (ECF Nos. 17, 18, 21.) The Court heard Zuffa's preliminary

---

[1] NameCheap unmasked the registrant of the Defendant Domain Name and revealed that he was located in Bangladesh. As such, continuing the matter *in rem* is proper. *Denso Corp. v. denso.com*, 14-cv-01050-LB, 2014 WL 7208488, at *3 (N.D. Cal. Dec. 17, 2014) (finding proceeding *in rem* is proper because the registrant of the domain name was a foreign entity.)

injunction motion on January 8, 2021, at which the registrant of the Defendant Domain Name did not appear. (ECF No. 23.) The Court granted the preliminary injunction, finding that Zuffa was entitled to injunctive relief procedurally and on the merits. (*Id.*). Specifically, the Court found that the UFC® and UFC FIGHT PASS® marks are famous and/or distinctive and the Defendant Domain Name was registered with a bad faith intent to profit from Zuffa's marks. (*Id.*) For these reasons, the Court found Zuffa was likely to succeed on the merits of its cybersquatting claim. (*Id.*) The Court ordered the hold and lock to remain in place for the pendency of the litigation. (*Id.*)

The Clerk entered default against the Defendant Domain Name for its failure to answer or otherwise appear on January 11, 2021. (ECF No. 25.) Zuffa now moves for default judgment ordering the domain name registrar, NameCheap, and/or VeriSign, the .net registry to the transfer of ownership of the Defendant Domain Name to Zuffa and transfer the registration to its registrar of choice, MarkMonitor.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) permits a default judgment following the entry of default by the clerk under Rule 55(a). When the requested relief is anything other than a sum certain or a sum that can be made certain by computation, the party must apply to the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b)(1)-(2). The choice as to whether a default judgment should be entered lies within the discretion of the trial court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

## III.   ARGUMENT

### A.   The Court Has Jurisdiction to Enter Default Judgment and Defendant Domain Name Was Properly Served.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (any act of Congress relating to patents, copyrights, and trademarks). (ECF No. 1 ¶ 1.) The Court has already determined it has *in rem* jurisdiction pursuant to 15 U.S.C. § 1125(d)(2)(A). (ECF Nos. 12 & 14.)

The Defendant Domain Name was properly served with notice of this action. Pursuant to this Court's Order, Zuffa served the Defendant Domain Name by publication on December 23, 2020. (ECF Nos. 12, 14, 18.) Zuffa also served the Defendant Domain Name via email and postal mail to the addresses provided by the registrant to the domain name registrar. (ECF No. 17.) The registrant had actual and constructive notice of this action, yet failed to appear or defend. Based on the Defendant Domain Name's failure to appear or otherwise defend, the Clerk of Court properly entered default pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 25.)

**B.   Zuffa Is Entitled to Default Judgment Against the Defendant Domain Name.**

Zuffa is entitled to a default judgment against the Defendant Domain Name. The Ninth Circuit has determined that a district court should look at seven discretionary factors before rendering a decision on a motion seeking a default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id*. Once the clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *U.S. Commodity Futures Trading Comm'n v. Williams*, 2018 WL 3853992, at *3 (D. Ariz. Mar. 16, 2018) (*citing Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Each of the *Eitel* factors favor entry of default judgment in Zuffa's favor.

1.   *Possibility of Prejudice to Zuffa.*

Zuffa will suffer prejudice if the Court does not enter a default judgment. Given the Defendant Domain Name's failure to appear or plead, Zuffa is unable to "obtain relief

or litigate this case on the merits." *deltaventure GmbH v. Pay.io*, 2020 WL 5912337, at *2 (D. Ariz. Oct. 6, 2020). Therefore, a default judgment is necessary for Zuffa to obtain relief. This factor weighs in Zuffa's favor.

    2.    *Merits and Sufficiency of the Complaint.*

The second and third *Eitel* factors, the merits and sufficiency of the Complaint, favor default judgment where a complaint sufficiently states a claim for relief under the "liberal pleading standards embodied in Rule 8" of the Federal Rules of Civil Procedure, which is the case in the present action. *See* Fed. R. Civ. P. 8; *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978).

Zuffa's Complaint alleges a single cause of action for cybersquatting under the ACPA. A person is liable for cybersquatting under the ACPA if he has a bad faith intent to profit from another's trademark and registers, traffics, in, or uses a domain name that is identical or confusingly similar to that trademark. 15 U.S.C. § 1125(d)(1)(a). Here, in granting Zuffa's motions for temporary restraining order and preliminary injunction, which are incorporated by reference, the Court concluded the registrant registered the Defendant Domain Name with a bad faith intent to profit from the UFC® and UFC FIGHT PASS® marks, which are famous and/or inherently distinctive trademarks, and that Zuffa was likely to succeed on the merits of its claim. (ECF No. 23, ¶ 4.) Thus, the second and third *Eitel* factors weigh in Zuffa's favor.

    3.    *Amount in Controversy.*

While default judgment is generally "disfavored where the sum of money requested is too large or unreasonable when compared to a defendant's conduct," there is no monetary amount of money in controversy here. *deltaventure*, 2020 WL 5912337, at *2. Zuffa only seeks a transfer of the Defendant Domain Name registration. Given the registrant's bad faith and unlawful conduct, the relief sought is not unreasonable. This factor favors entry of a default judgment.

4.     *The Possibility of Disputed Facts*.

The material facts of Zuffa's ACPA claim are undisputed. "The possibility of a dispute regarding material facts is relevant only so far as there are two parties present to dispute those facts. When one party fails to appear to defend an action, there is no dispute of material facts." *deltaventure*, 2020 WL 5912337, at *2. Indeed, upon default, the plaintiff's well-pleaded allegations are taken as true. *U.S. Commodity,* 2018 WL 3853992, at *3. The Defendant Domain Name failed to defend this action, therefore there are no disputed material facts. *deltaventure*, 2020 WL 5912337, at *2.  This factor favors entry of a default judgment.

5.     *Whether Default Is Due to Excusable Neglect.*

There is no evidence in this case that suggests the Defendant Domain Name's default is due to excusable neglect. Rather, once a defendant is properly served and fails to respond, "[t]he risk of excusable neglect is substantially lessened." *deltaventure*, 2020 WL 5912337, at *3. In accordance with this Court's order, Zuffa served the Defendant Domain Name via email, postal mail, and publication. (ECF Nos. 12, 14, 17, 18.) Despite being properly served repeatedly, the Defendant Domain Name failed to appear. Thus, this factor weighs in favor of default judgment.

6.     *Policy Favoring Decision on the Merits.*

A decision on the merits is "impractical, if not impossible, where defendant fails to respond" to the complaint. *deltaventure*, 2020 WL 5912337, at *3 (citation omitted). As discussed above, the Defendant Domain Name was properly served, yet failed to respond. For this reason, the policy favoring decision on the merits does not preclude entry of default judgment here.

**C.     The Defendant Domain Name Should Be Transferred to Zuffa.**

Zuffa is entitled to transfer of the Defendant Domain Name under the ACPA. The ACPA remedy available for *in rem* cases is a court order for the forfeiture or cancellation

6

of the domain name or a transfer of the domain name to the owner of the trademarks. 15 U.S.C. § 1125(d)(2)(D)(i). NameCheap, the domain name registrar, is located in this judicial district and is thus subject to the Court's jurisdiction. (ECF No. 1 ¶ 5.) The Court may therefore enter a default judgment in Zuffa's favor and order NameCheap and/or VeriSign, the .net registry, to transfer ownership of the Defendant Domain Name registration to Zuffa and Zuffa's registrar of choice, MarkMonitor.

### D.   **Exonerate Bond**.

Pursuant to this Court's Order granting a temporary restraining order, Zuffa posted a $5,000 bond as security for potential damages arising out of the injunction. (*See* ECF Nos. 11 & 15.) Zuffa therefore requests the Court exonerate and return the $5,000 cost bond to Plaintiff's counsel in connection with the default judgment.

## IV.   CONCLUSION

Based on the foregoing points and authorities, Zuffa respectfully requests that the Court grant its motion for default judgment and require NameCheap and/or VeriSign to effectuate the transfer of the Defendant Domain Name to Zuffa and change the registrar of record from the current domain name registrar to Zuffa's registrar of choice, MarkMonitor, and direct the Clerk of Court to exonerate the bond and return it to Zuffa's counsel.

|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 | Dated: January 14, 2021 | DICKINSON WRIGHT PLLC |

*s/ Cindy A. Villanueva*
Cindy A. Villanueva
Arizona Bar No. 028163
Email: CVillanueva@dickinsonwright.com
1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004-4568

John L. Krieger (*admitted pro hac vice*)
Email:  JKrieger@dickinsonwright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada  89169-0965
Tel:    702-550-4400
*Attorneys for Plaintiff*
*Zuffa, LLC*

4848-7522-8374 v4 [66108-20021]

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** has been served on Defendant <ufcfightpass.net> by forwarding said copy on January 14, 2021, via email to:

082ec3874ab74f449d6376b5fbc81526.protect@whoisguard.com

sahadaths247@gmail.com

Dated: January 14, 2021

                                        *s/ Nicole Francini*
                                        An Employee of Dickinson Wright PLLC